## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| STEPHEN SIMONI, individually and on behalf of all others similarly situated, | Civil Action No. |
| Plaintiffs, | **NOTICE OF REMOVAL** |
| v. |  |
| CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS and DOES 1 through 10, inclusive, |  |
| Defendants. |  |

TO:  THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon"), pursuant to

28 U.S.C. § 1441, hereby removes this action to this Court from the Superior Court of New Jersey,

Somerset County.  This action is within the original jurisdiction of this Court and properly removed

based on the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332, 1446, and 1453.

Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be served upon counsel for

Plaintiff Stephen Simoni ("Plaintiff") and filed with the Clerk of the New Jersey Superior Court

for the County of Somerset, as an exhibit to a Notice to State Court of Removal to Federal Court.

A copy of the Notice being filed in state court is attached (without exhibits) as Exhibit A.

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1.    On November 30, 2020, Plaintiff commenced this action by filing a putative class

action Complaint against Verizon in the Superior Court of New Jersey, Somerset County,

captioned *Simoni v. Cellco Partnership d/b/a Verizon Wireless.*, Case No. SOM-L-1437-20 (the

"State Court Action").

2.    Verizon was served on December 15, 2020.  The Complaint is the initial pleading setting forth the claim for relief upon which this action is based.  Accordingly, this Notice is timely pursuant to 28 U.S.C. § 1446(b).  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Verizon in this action are attached to this Notice as Exhibit B.

3.    The Superior Court of New Jersey, Somerset County, is located within the District of New Jersey.  28 U.S.C. § 110.  This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

## ALLEGATIONS OF THE COMPLAINT

4.    This is a putative class action on behalf of Plaintiff and all other customers of Verizon who were charged for ancillary goods or services on their Verizon bills.

5.    Plaintiff alleges, *inter alia*, that Verizon solicits sales of ancillary goods and services and then charges customers for those ancillary goods and services without effecting a legal sale of those goods or services.  (Compl. pp. 1-2.)  Plaintiff further alleges that Verizon conceals these charges through a variety of alleged practices, including paperless billing, automatic payments, and failing to send sales confirmations.  (*Id.* ¶ 12.)

6.    Plaintiff seeks to represent the following putative class:  "All individuals within the past six years who were charged for one or more ancillary goods and/or services marketed by Verizon which charge was included on the individual's Verizon bill and which individual is not subject to any legally enforceable class action ban including all Wyoming residents."  (*Id*. ¶ 17.)

7.    On behalf of Plaintiff and the putative class, the Complaint attempts to state a claim for violations of the New Jersey Consumer Fraud Act ("NJCFA").  (*Id*. ¶¶ 27-33.)

8.    The Complaint seeks, *inter alia*, (1) statutory damages; (2) compensatory, general, incidental and consequential damages; (3) "special damages"; (4) punitive damages; (5) restitution

and disgorgement; (6) injunctive relief; (7) prejudgment interest; and (8) costs and attorneys' fees. (*Id*. at pp. 13-14.)

9.     Verizon disputes Plaintiff's allegations, denies that the Complaint has merit, denies that the putative class is certifiable, and denies that Plaintiff or the putative class has been harmed in any way.

## BASIS FOR REMOVAL

10.     This action is within the original jurisdiction of this Court, and removal is proper under CAFA, which grants district courts original jurisdiction over putative class actions, involving over 100 putative class members, where any member of the putative class of plaintiffs is a citizen of a State different from any defendant, and in which the amount in controversy in the aggregate exceeds $5 million.  As set forth below, this action satisfies each of the requirements of § 1332(d)(2) for original jurisdiction under CAFA.

### Putative Class Action.

11.     This action meets the CAFA definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure."  28 U.S.C. §§ 1332(d)(1)(B), 1453(a) & (b).  Plaintiff seeks certification of a class under N.J. Court Rule 4:32-1, *et seq*., New Jersey's analog to Fed. R. Civ. P. 23.  (Compl., ¶ 17.)

### Class Consisting of More than 100 Members.

12.     The putative class is defined to include all individuals who were charged by Verizon for one or more "ancillary goods and/or services."  (*Id.*)  Although the Complaint does not identify what "ancillary goods and/or services" it references, Plaintiff alleges that he was charged for one such service, the "Smart Home Support protection plan."  (*Id*. ¶ 15.)  The Complaint alleges that Verizon markets and sells the ancillary goods and services at issue "throughout the nation."  (*Id*. ¶ 1.)

13.    More than 150,000 Verizon customers were charged for Smart Home Support on their Verizon invoices during the alleged putative class period (from December 1, 2014 through November 30, 2020).  Moreover, given that the Complaint's  definition of the putative class includes not only customers who were charged for Smart Home Support but any customer who was charged for any "ancillary goods and/or services," the putative class, if it can be ascertained (which Verizon disputes), is likely comprised of many more members because there are a variety of different products that Plaintiff may argue are "ancillary goods and/or services"  for which charges are included on Verizon's bills, in addition to Smart Home Support.

14.    All of Verizon's customers are parties to legally enforceable agreements that include arbitration provisions and class action waivers.  Apparently, Plaintiff disputes this proposition because the putative class alleged in the Complaint includes individuals "not subject to any legally enforceable class action ban including all Wyoming residents." (Compl., ¶ 17.)  In any event, Plaintiff alleges that the putative class (however it may be limited) is comprised of "many thousands of customers."  (*Id*. ¶ 18.)[1]

15.    Accordingly, without conceding that any putative class member is not subject to a binding arbitration agreement or class action waiver, and reserving all rights, the aggregate number of members of the proposed class is greater than 100 persons for purposes of 28 U.S.C. § 1332(d)(5)(B).

---

[1] If Plaintiff purports to limit the putative class to only persons who are "not subject to any legally enforceable class action ban," that condition is impermissible as it would be tantamount to describing a fail-safe class and for that reason should not limit the putative class now.  *Grubb v. Green Tree Servicing, LLC*, No. CV 13-07421 (FLW), 2017 WL 3191521, at *14 (D.N.J. July 27, 2017) ("A 'fail-safe' class is one that is defined so that whether a person qualifies as a member depends on whether the person has a valid claim. . . .  District courts, therefore, have refrained from certifying a proposed class if the definition of the class employs conclusory language identifying class membership in terms of the ultimate merits question of the defendant's liability.").

**CAFA Diversity.**

16.    The required diversity of citizenship under CAFA is satisfied because "any member of a class of Plaintiffs is a citizen of a State different from any Defendant." 28 U.S.C. § 1332(d)(2)(A).

17.    Under CAFA, an unincorporated association is a citizen of the state where it has its principal place of business and under whose laws it is organized.  28 U.S.C. § 1332(d)(10).

18.    Verizon (Cellco Partnership d/b/a Verizon Wireless) is a Delaware partnership with its headquarters in New Jersey.  Accordingly, Verizon is a citizen of Delaware and New Jersey.

19.    The Complaint alleges a nationwide class.  (*Id*. ¶¶ 1, 17.)  Verizon has customers in all 50 states who were charged for Smart Home Support on their Verizon invoices during the alleged putative class period (from December 1, 2014 through November 30, 2020), including thousands of customers in states other than New Jersey and Delaware.  The Complaint further alleges that the putative class includes "all residents of Wyoming," most of whom, upon information and belief, are citizens of Wyoming.  (Compl., ¶ 17.)  Accordingly, upon information and belief, there are thousands of potential putative class members who are citizens of states other than New Jersey and Delaware.

20.    Accordingly, at least one putative class member is a citizen of a State different from Verizon, thus satisfying the minimal diversity requirements of 28 U.S.C. § 1332(d)(2)(A).

**Amount in Controversy.**

21.    Under CAFA, the claims of the putative class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. §§ 1332(d)(2), (d)(6).  Without conceding any merit to the Complaint's allegations or cause of action, the amount in controversy satisfies the CAFA

jurisdictional threshold because under Plaintiff's theories of recovery the amount in controversy exceeds $5 million.

22.    Verizon has customers who were charged well in excess of $10 million for Smart Home Support on their Verizon invoices during the putative class period.  The amount charged to the potential putative class members for all ancillary goods and/or services, if it can be calculated (which Verizon disputes), is higher because there are a variety of different products that might also be considered "ancillary goods and/or services" in addition to Smart Home Support.

23.    Plaintiff has asserted, on behalf of himself and the putative class, a claim under the NJCFA, which provides for a "refund of all moneys acquired by means of any [unlawful] practice." N.J.S.A. § 56:8-2.11.  Plaintiff also seeks, on behalf of himself and the putative class, (a) treble damages under the NJCFA (N.J.S.A. § 56:8-2.19), (b) punitive damages, and (c) attorneys' fees. Such damages are considered in calculating the amount in controversy.  *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007).

24.    Verizon disputes that Plaintiff and other members of the nationwide putative class may assert a claim under the NJCFA, or that they are entitled to an award of treble damages, punitive damages or attorneys' fees.  However, taking Plaintiff's claim as alleged in the Complaint, because the charges at issue exceed $10 million, the amount in controversy of the putative class's damages claims under the NJCFA exceeds $5 million.

25.    The allegations in the Complaint further confirm that the amount in controversy exceeds $5 million.  Plaintiff asserts that the putative class members have suffered "millions of dollars of losses."  (Compl., ¶ 30.)  Thus, taking Plaintiff's claim as alleged in the Complaint, and assuming that $2 million as the lowest amount of the "million**s** of dollars of losses" alleged in the Complaint (*id*. (emphasis added)), based on that amount, the amount in controversy is at least

$6,000,000 (given Plaintiff's claim, on behalf of the putative class, for treble damages under the NJCFA).

26.     The putative class alleged in the Complaint includes individuals "not subject to any legally enforceable class action ban including all Wyoming residents." (*Id*. ¶ 17.) All of Verizon's customers are parties to legally enforceable agreements that include arbitration provisions and class action waivers.  That said, without conceding that issue, and reserving all of Verizon's rights, based on Plaintiff's allegation that the putative class members (whoever they are) have suffered "millions of dollars of losses" (*id*. ¶ 30), the amount in controversy is at least approximately $6,000,000. *See* ¶ 25, *supra*.

27.     For purposes of removal "the question is not what damages the Plaintiff will recover, but what amount is 'in controversy' between the parties.'" *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("That the Plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the Plaintiff will fail and the judgment will be zero) does not prevent removal.").  While Verizon disputes that it is liable to Plaintiff or the putative class, or that Plaintiff or the putative class suffered any injury or incurred damages in any amount whatsoever, or that any class is even certifiable, for purposes of satisfying the jurisdictional prerequisites of CAFA, the amount-in-controversy requirement is plainly met.

28.     Plaintiff asserts in the Complaint that the total amount of all relief he seeks on behalf of the putative class is less than $5 million.  (Compl., ¶ 5.)  This bald assertion does not preclude the Court's exercise of CAFA jurisdiction. *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 133 S. Ct. 1345, 185 L. Ed. 2d 439 (2013) (named plaintiff cannot avoid CAFA jurisdiction by stipulating, prior to certification of the class, that class damages will not exceed $5 million because plaintiff's assertion does not bind the putative class).  Rather, the amount in controversy must be assessed by considering Plaintiff's "actual legal claims." *Morgan v. Gay*, 471 F.3d 469, 475 (3d

7

Cir. 2006).  As discussed, *supra*, considering the actual legal claims asserted by Plaintiff, the amount in controversy exceeds $5 million.  Indeed, Plaintiff's bald assertion that the amount in controversy is less than $5 million is contradicted by his own allegation that the proposed class members have suffered "millions of dollars of losses."  (Compl., ¶ 30.)  *See* ¶ 25, *supra*.

**No Joinder Necessary.**

29.    No other defendants have been identified by Plaintiff and no other defendants are required to consent to removal based on CAFA.  28 U.S.C. § 1453(b).

30.    Verizon is the only named defendant in the State Court Action. The defendants designated as "Does 1 through 10" have not been named or served and are properly disregarded for the purpose of this removal. 28 U.S.C. § 1441(a); *Green v. Am. Online (AOL)*, 318 F.3d 465, 470 (3d Cir. 2003) ("the general rule that all defendants must join in a notice of removal may be disregarded where . . . the non-joining defendants are unknown.").

## RESERVATION OF RIGHTS AND DEFENSES

31.    By filing this Notice of Removal, Verizon does not waive any defenses that may be available to it and reserves all such defenses.  In addition, Verizon does not waive its right to compel arbitration of this dispute pursuant to its contract with Plaintiff, nor does Verizon concede that Plaintiff states any claim upon which relief can be granted, or that Plaintiff is entitled to any relief of any nature.  Nonetheless, Plaintiff's claims, as pleaded in the Complaint at the time of removal, "whether well or ill founded in fact, fixes the right of the defendant to remove." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 202 U.S. 283, 294 (1938).

32.    If any challenges to the propriety of the removal of this action arise, Verizon respectfully requests the opportunity to present oral argument and/or additional evidence.

WHEREFORE, Verizon hereby removes this Action to this Court from the Superior Court of New Jersey, Somerset County.

/s/Philip R. Sellinger
Philip R. Sellinger
David E. Sellinger
Eric D. Wong
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
(973) 360-7900
(973) 301-8410 (fax)

*Attorneys for Defendant*
*Cellco Partnership d/b/a Verizon Wireless*

# EXHIBIT A

Philip R. Sellinger
Attorney ID: 032871982
David Sellinger
Attorney ID: 008512008
Eric D. Wong
Attorney ID: 018972007
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
(973) 360-7900 (Telephone)
*Attorneys For Defendant*
*Cellco Partnership d/b/a Verizon Wireless*

| | |
|---|---|
| STEPHEN SIMONI, individually and on behalf of all others similarly situated,<br><br>                   Plaintiffs,<br><br>                v.<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS and DOES 1 through 10, inclusive,<br><br>                Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, CIVIL PART SOMERSET COUNTY<br><br>DOCKET NO. SOM-L-001437-20<br>CIVIL ACTION<br><br>NOTICE OF FILLING OF<br><u>NOTICE OF REMOVAL</u> |

To:    Clerk of the Court
        Somerset County Courthouse
        20 N Bridge Street
        Sommerville, NJ 08876

       Pursuant to 28 U.S .C. § 1446(d), Defendant Cellco Partnership d/b/a Verizon Wireless caused to be filed with the United States District Court for the District of New Jersey a Notice of Removal of this action from this Court to the United States District Court for the District of New Jersey. A copy of the Notice of Removal is attached as Exhibit 1.

Dated: December 29, 2020

GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
(973) 360-7900
*Attorneys for Defendants*
*Cellco Partnership d/b/a*
*Verizon Wireless*


By: s/ Philip R. Sellinger

# EXHIBIT B

STEPHEN J. SIMONI
StephenSimoniLAW@Gmail.com
**SIMONI CONSUMERS**
    **CLASS ACTION LAW OFFICES**
c/o Jardim, Meisner & Susser, P.C.
30B Vreeland Road, Ste. 201
Florham Park, NJ 07932
Telephone: (917) 621-5795

*Counsel for Plaintiffs
    and the Proposed Class*

| | | |
|---|---|---|
| STEPHEN SIMONI,<br>    Individually and on behalf<br>    of all others similarly<br>    situated (**"Consumers"**),<br><br>        Plaintiffs,<br><br>vs.<br><br><br>CELLCO PARTNERSHIP d/b/a<br>  VERIZON WIRELESS and<br>  DOES 1 through 10, inclusive,<br><br>        Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | SUPERIOR COURT OF<br>  NEW JERSEY<br>LAW DIVISION<br>SOMERSET COUNTY<br><br>Hon. _____<br><br>Doc. No. ___-L-__-20<br><br>CIVIL ACTION<br><br>CLASS ACTION<br>   COMPLAINT<br><br>**JURY TRIAL DEMANDED** |

**VERIZON WIRELESS
FRAUDULENTLY CRAMS CUSTOMERS' BILLS WITH
SURREPTITIOUS CHARGES AND CONCEALS THEM WITH PAPERLESS
BILLING, AUTOMATIC PAYMENTS, AND DELIBERATE FAILURE TO
SEND PROMISED SALES CONFIRMATIONS AND "NEXT BILL SUMMARIES"**

Cellco Partnership d/b/a Verizon Wireless (**"Defendant," "Verizon,"** or **"Company"**) fraudulently solicits "sales" of ancillary goods and services by encouraging paperless billing and automatic payments while failing to send promised sales confirmations that notify Consumers of the details of, and charges for, the subject good and/or service and the cancellation process therefor.

Consequently, Consumers unknowingly pay for the subject good and/or service because Verizon, *inter alia*, never effected a legal "sale."

Verizon has apparently perpetrated its company wide policy against many hundreds, if not many thousands, of Consumers throughout the country due to Verizon's status as the leading provider of cellular telephone services throughout the nation and its use of identical language and processes for effecting purported "sales" and surreptitiously placing charges therefor on Consumers' bills.

Incredibly, upon information and belief, Verizon continues its illicit scheme despite user complaints and consumers herein seek equitable relief to enjoin Verizon's ongoing fraud.

Fortunately, the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2.2 et seq. (**"NJCFA"**)) provides for, *inter alia*, treble damages, attorneys' fees, penalties of $10,000.00 for the first violation and $20,000.00 for the second and every subsequent violation.

Plaintiffs, individually and on behalf of the Class defined below, bring this action for damages, restitution, statutory damages, punitive damages, sanctions, interest, court costs, attorneys' fees, and injunctive relief for Defendant's wrongdoing. Plaintiffs demand a trial by jury and complain and allege as follows:

## INTRODUCTION

1.    Defendant Cellco Partnership d/b/a Verizon Wireless (**"Defendant,"** **"Verizon,"** or **"Company"**) is a general partnership formed in Delaware that maintains its headquarters in New Jersey and markets and sells, *inter alia*, cellular telephone service and ancillary goods and services throughout the nation.

2.    Plaintiffs bring this action to challenge the Company's ongoing systematic practice in fraudulently soliciting the sale of ancillary goods and services by failing to send Consumers promised sales confirmations that detail the cancellation process and failing to send notices to Consumers indicating their new monthly total (**"Next Bill Summary"**) with the subject good and/or service——in stark contrast to Verizon's established practice whenever a change to the Consumer's wireless service results in a new monthly billing figure.

3.    All of the claims asserted herein arise out of Company's fraudulent activity and are a common fact pattern as to each member of the Class defined below.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over the Defendant in this action because its headquarters are maintained in New Jersey.

5.    The total amount of all relief at issue is less than five million dollars ($5,000,000.00) and the total amount of relief at issue for any individual Class Member,

including the Named Plaintiff, is less than seventy-five thousand dollars ($75,000.00).

## THE PARTIES

6.   Plaintiff (**"Plaintiff"**) is an adult male who resides in Wyoming and who has for years paid for Verizon cellular phone service.

7.   Defendant Cellco Partnership d/b/a Verizon Wireless (**"Defendant," "Verizon,"** or **"Company"**) is a general partnership formed in Delaware that maintains its headquarters in New Jersey.

8.   Except as described herein, Plaintiffs are ignorant of the true names of Defendants sued as Does 1 through 10, inclusive, and the nature of their wrongful conduct, and therefore sues these Defendants by such fictitious names.  Plaintiffs will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

9.   At all times herein mentioned, Verizon, and the Doe Defendants, and each of them, were an agent or joint venturer of each of the other, and in doing the acts alleged herein, were acting within the scope of such agency.  Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

4

10.  Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in committing the wrongful acts alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoing complained of, each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

11.  At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

## FACTUAL ALLEGATIONS

12.  Verizon wireless fraudulently crams customers' bills with surreptitious charges and conceals them with paperless billing, automatic payments, and deliberate failure to send promised sales confirmations and "next bill summaries."

13.  For years and continuing to the present, Plaintiff pays Defendant monthly fees for use of its cellular telephone services including a discrete charge for coverage of damage to one or more cellular phones used on Plaintiff's account.

14.  In or about November and December 2019, one of the cellular phones used on Plaintiff's account was accidentally damaged.  Plaintiff commenced the insurance claim process through Verizon's partner Asurion.

15. During the insurance claim process, Asurion solicited Plaintiff by telephone to consider purchasing a monthly "Smart Home Support" protection plan that would cover certain damage to household equipment that used wireless services.

i.  Asurion stated that Plaintiff would receive an electronic-mail message with details of the "Smart Home Support" protection plan and——if Consumer chose not to keep "Smart Home Support"——he could cancel as detailed in the promised communication.

ii. Asurion never sent Consumer the promised electronic-mail message.

iii.  Consumer recognized that the contract for the purchase therefore had not been consummated and did not pursue any effort to purchase it.

iv.  Unbeknownst to Consumer, however, Verizon nevertheless permitted Asurion to add a monthly fee to Consumer's Verizon bill, but Verizon did not adhere to its well-established policy of sending Consumers a notification of the new "Next Bill Summary" caused by the addition of the new charge for "Total Home Support" that Verizon does with respect to all other changes to the Consumer's bill constituents.

v.  Verizon, moreover, had encouraged all subscribers to enroll in paperless billing and automatic payment of the monthly bill.  By utilizing paperless billing, automatic payment of bills, and uniquely failing to send a "Next Bill Summary" notice caused by the "Total Home Support" charge, Verizon succeeded in having the "Total Home Support" charge automatically paid by Consumer's payment source without any affirmative act by Consumer and notwithstanding Asurion's failure to effect a contract by breaching its promise to send a confirmation of sale that would have informed the Consumer the contract had been effected by detailing the coverage of "Total Home Support" and explaining the cancellation process therefor.

16.  Consumer became aware of the charge only on November 8, 2020 when he went into a Verizon store to purchase a new phone.  After Consumer paid for the new phone, he was handed a paper receipt for the purchase that indicate his monthly bill for Verizon wireless service and included a charge for "Total Home Support."  Consumer called Verizon and discovered what the charge was, detailed the fraudulent solicitation process, and demanded a refund. Verizon only provided a minimal refund and blamed the Consumer for not having read his monthly paperless bills.

i.  Although Consumer further sought to resolve the matter by contacting Verizon's Law Department before filing the instant action, Verizon's Law Department authorized its representative Meryl Friedman to (i) falsely state that Verizon had not been in possession of Consumer's

electronic-mail address at the relevant time despite the
fact that Verizon had in fact communicated repeatedly with
Consumer before, during, and after the relevant time by
electronic mail for years (as evidenced by, *inter alia*, the
paperless billing in which Verizon encourages consumers to
enroll and the electronic Next Bill Summaries referenced
throughout the draft Complaint that had been provided in
Consumer's effort to obviate litigation), and (ii) repeat
the insinuation that Consumer was at fault for not having
read the electronic monthly bills to locate the
surreptitious crammed charges.

## CLASS ACTION ALLEGATIONS

17.  Plaintiffs brings this action on behalf of
themselves and all persons similarly situated pursuant to
Rule 4:32 of the New Jersey Rules of Court.  This action
satisfies the numerosity, commonality, typicality,
adequacy, predominance and superiority requirements of the
Rule.  The Class is defined as follows:

> All individuals within the past six years who were
> charged for one or more ancillary goods and/or
> services marketed by Verizon which charge was
> included on the individual's Verizon bill and which
> individual is not subject to any legally
> enforceable class action ban including all Wyoming
> residents.  Excluded from the Class are: (1)
> employees of the Defendants, including their
> officers or directors; (2) Defendants' affiliates,

subsidiaries, or co-conspirators; and (3) the Court to which this case is assigned.

18.  Plaintiffs do not know the exact number of Class members because such information is in the exclusive control of the Defendants.  However, Plaintiffs believe that due to the nature of the trade and commerce involved and the identical language and procedures utilized by Verizon for billing and solicitation of goods and services, Class members are sufficiently numerous, most likely many thousands of consumers such that joinder of all Class members is impracticable.  The information as to the identity of the Class members can be readily determined from records maintained by the Defendants, because all billing records are recorded in Defendants' written and electronic records.

19.  Plaintiffs' claims are typical of, and not antagonistic to, the claims of the other Class members because Plaintiffs were injured by Defendants' practices and by asserting their claims, Plaintiffs will also advance the claims of all members of the Class who were damaged by the same wrongful conduct of Defendants and their co-conspirators as alleged herein, and the relief sought is common to the Class.

20.  The common legal and factual questions which do not vary from Class member to Class member, and which may be determined without reference to individual circumstances of any Class member, include, but are not limited to, the following:

> a.  Did Defendant breach its agreement to send a sales confirmation that would provide details about the subject good and/or service and provide instructions on cancellation?
>
> b.  What is the appropriate measure of damages for the breach of contract and violation of the New Jersey Consumer Fraud Act?
>
> c.  Was Verizon's policy deliberate such that punitive damages may be awarded? and
>
> d.   Are Plaintiffs and the Class Members entitled to the injunctive and equitable relief requested herein to enjoin Verizon's continuing fraud regarding purported sales of its good and services?

21.  These common questions and others predominate over questions, if any, that affect only individual members of the Class.

22.  The claims of the representative Plaintiffs are typical of the claims of the Class.  There are no material conflicts with any other member of the Class that would make class certification inappropriate.  Plaintiffs and counsel will fairly and adequately represent the interests of the Class.

23.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system

could not.  It would be unduly burdensome on the courts if individual litigation of numerous cases would proceed.  By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented in this Complaint, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

24.  Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for the Defendants, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.

25.  Injunctive relief is appropriate as to the Class as a whole because Defendants have acted or refused to act on grounds generally applicable to the Class.

26.  Whatever difficulties may exist in the management of the class action will be greatly outweighed by the benefits of the class action procedure, including, but not limited to, providing Class members with a method for the redress of claims that may otherwise not warrant individual litigation:  Individual consumers typically lack the resources, ability, and knowledge to legally pursue their respective remedy.

## AS AND FOR A CAUSE OF ACTION

### (Violation of New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2.2 et seq. ("NJCFA"))

27.  Plaintiffs repeat and reallege each and every allegation set forth above as if fully set forth herein.

28.  Defendants knowingly and deliberately solicited purported "sales" of ancillary goods and services by promising Consumers that a "sales confirmation" electronic-mail message would arrive with details of the subject good and/or service and instructions for cancellation while Defendants never intended to send the sales confirmation electronic-mail message and then never sent the sales confirmation electronic-mail message.

29.  Plaintiffs relied on Defendant's promise and suffered the associated monthly charges because they understood that the subject goods and/or services had not in fact been provided and they were not being charged therefor as Verizon also failed to send a "Next Bill Summary" notice that it always sends for changes to Consumers' billing for constituent charges that appear on Consumers' common, unified bill.

30.  As a result of Defendants' fraudulent activity, Plaintiffs collectively have suffered, and continue to suffer, millions of dollars of losses.

31.  Plaintiffs also seek injunctive relief prohibiting Verizon's continued fraudulent solicitation of goods and services.

32.   NJCFA provides for, *inter alia*, treble damages, attorneys' fees, penalties of $10,000.00 for the first violation and $20,000.00 for the second and every subsequent violation.

33.   NJCFA imposes personal liability[1] upon individuals who violate the statute notwithstanding their having purported to contract solely in the corporate entity's name.

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

**PRAYER FOR RELIEF**

1.   Certification of the proposed Class and notice and claims administration to be paid by Defendants;

2.   Statutory damages;

3.   Compensatory, general, incidental, and consequential damages according to proof;

4.   Special damages according to proof;

5.   Punitive damages to punish Defendants for their willful illegal and deliberate contract breaches and to deter others who may otherwise engage in similar willful illegal and deliberate conduct;

6.   Restitution and disgorgement according to proof;

7.   Injunctive relief against Defendants, and each of them, to prevent future wrongful fraudulent conduct;

8.   Prejudgment interest at the maximum legal rate;

---

[1] Gennari v. Weichert Co. Realtors, 148 N.J. 582 (1997).

9.   Costs of the proceedings herein;

10.  Reasonable attorneys' fees; and

11.  All such other and further relief as the Court deems just but the entirety of any and all relief will be less than five million dollars ($5,000,000.00) and the total amount of relief for any individual Class Member, including each Named Plaintiff, will be less than seventy-five thousand dollars ($75,000.00).


Dated:  Nov. 30, 2020          Respectfully submitted,


                               By: __/s/_Stephen J. Simoni__
                               STEPHEN J. SIMONI
                               StephenSimoniLAW@gmail.com
                               **SIMONI CONSUMERS**
                                 **CLASS ACTION LAW OFFICES**
                               c/o Jardim, Meisner &
                                   Susser, P.C.
                               30B Vreeland Road, Ste. 201
                               Florham Park, NJ 07932
                               Telephone:  (917) 621-5795

                               *Counsel for Plaintiffs and*
                                   *the Proposed Class*


**DEMAND FOR JURY TRIAL**

          Plaintiffs on behalf of themselves and all others similarly situated hereby request a jury trial on all claims so triable.

Dated:  Nov. 30, 2020          Respectfully submitted,


                               By: __/s/_Stephen J. Simoni__

## <u>RULE 4:5-1 CERTIFICATION</u>

In accordance with Rule 4:5-1, I hereby certify that the matter in controversy is not related to any ongoing litigation or other proceeding.  I further certify that I am unaware of any other party who should be joined in this action at this time.  In addition, I recognize my continuing obligation to file and serve on all parties and the court an amended certification if there is a change of facts stated in this original certification.

Dated:  Nov. 30, 2020          Respectfully submitted,

By: /s/__Stephen J. Simoni_
STEPHEN J. SIMONI
StephenSimoniLAW@gmail.com
**SIMONI CONSUMERS**
   **CLASS ACTION LAW OFFICES**
c/o Jardim, Meisner &
   Susser, P.C.
30B Vreeland Road, Ste. 100
Florham Park, NJ 07932
Telephone:  (917) 621-5795

*Counsel for Plaintiffs and
   the Proposed Class*

15

# Civil Case Information Statement

## Case Details: SOMERSET | Civil Part Docket# L-001437-20

**Case Caption:** SIMONI STEPHEN  VS CELLCO
PARTNERSHIP D /B/A VERI

**Case Initiation Date:** 11/30/2020

**Attorney Name:** STEPHEN J SIMONI

**Firm Name:** STEPHEN J. SIMONI

**Address:** C/O JARDIM MEISNER 30B VREELAND RD STE
100

FLORHAM PARK NJ 07932

**Phone:** 9176215795

**Name of Party:** PLAINTIFF : Simoni, Stephen

**Name of Defendant's Primary Insurance Company**

(if known): None

**Case Type:** TORT-OTHER

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** YES

**Are sexual abuse claims alleged by: Stephen Simoni?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**
Ongoing fraudulent activity.

**Do you or your client need any disability accommodations?** NO
     **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
     **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** YES  **Title 59?** NO  **Consumer Fraud?** YES

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

<u>11/30/2020</u>
Dated

<u>/s/ STEPHEN J SIMONI</u>
Signed